(Reap. Dec. 9592)

INDIANAPOLIS MACHINERY EXPORT CO., INC. *v.* UNITED STATES

Entry Nos. 594; 375; 496.

(Decided February 11, 1960)

*Eugene R. Pickrell* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: These three appeals for reappraisement are before me for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the attorney for the Plaintiff and the Assistant Attorney General for the United States that the above mentioned appeals for reappraisement cover importations of the following machine tools imported at the Port of Indianapolis, Indiana, from London, England:

> Fiat Radial Drilling Machine
> Ninganti 2A 20″ sw. Turret Lathe
> Sant Andrea UFO 5 Horizontal Mill
> Noel Ernault No. 5 Capstan Lathe
> Somua 32″ swing x 360″ Lathe;

that such or similar machine tools were freely offered to all purchasers in usual wholesale quantities, at or prior to the time of exportation of the said machine tools, for sale at the invoice prices of said machine tools, less five (5%) percentum, both for home consumption in the United Kingdom and for export from the United Kingdom to the United States; that such or similar machine tools were not offered for sale or sold at or prior to the time of the exportation of the said machine tools covered by the above-mentioned appeals for reappraisement either for home consumption in the United Kingdom or for export to the United States, at prices higher than the invoice unit prices of said machine tools, less five (5%) percentum, plus packing.

IT IS FURTHER STIPULATED AND AGREED that the above appeals for reappraisement are abandoned as to any other merchandise listed on the invoices, and that these appeals may be deemed to be submitted for decision upon this stipulation.

On the agreed facts, I find that the proper basis for appraisement of the machine tools in question, as hereinabove identified, is foreign value, as defined in section 402(c) of the Tariff Act of 1930, as amended, and hold that such statutory value therefor is the invoice unit prices, less 5 per centum, plus packing.

Judgment will be rendered accordingly.